COGBURN LAW
Jamie S. Cogburn, Esq.
Nevada Bar No. 8409
jsc@cogburncares.com
Erik W. Fox, Esq.
Nevada Bar No. 8804
ewf@cogburncares.com
2580 St. Rose Parkway, Suite 330
Henderson, Nevada 89074
Telephone: (702) 748-7777
Facsimile: (702) 966-3880
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| KEITH IAN BRODIE, an individual,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>CREDIT CONTROL SERVICES, INC. d/b/a CREDIT COLLECTION SERVICES, a Foreign Corporation,<br><br>　　　　　　　Defendant. | **COMPLAINT**<br>**AND JURY DEMAND** |

Plaintiff, Keith Ian Brodie (hereinafter "Plaintiff"), by and through counsel, Cogburn Law, hereby complains against Defendant as follows:

**I.    PRELIMINARY STATEMENT**

1.    This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

II.     **JURISDICTION AND VENUE**

    A.     **JURISDICTION OF THE COURT**

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d).

    B.     **VENUE**

3.      Venue is proper in this District Court, particularly its unofficial southern district, pursuant to 28 U.S.C. § 1391(b).

III.    **PARTIES**

4.      Plaintiff is a natural person residing in Clark County, Nevada.

5.      Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(c).

6.      Upon information and belief, Credit Control Services, Inc. d/b/a Credit Collection Services (hereinafter "CCS") is a Collection Agency engaged in the business of collecting debts by use of the mails and telephone, and regularly attempts to collect debts alleged to be due another.

7.      Upon information and belief, CCS is a foreign entity licensed in the State of Maryland and doing business in Nevada.

8.      Upon information and belief, CCS is registered with the State of Nevada as a collection agency or as a foreign collection agency, license numbers CAD11427, CAD11428 & CAD11429.

9.      CCS is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) trying to collect a "debt" as defined by 15 U.S.C. § 1692a(5).

IV.     **GENERAL ALLEGATIONS**

10.     Plaintiff obtained medical care in 2019.

11.     Thereafter, because of administrative confusion with appropriate billing for the services performed, the medical provider referred the account to CCS for collection.

12. However, prior to assigning the collection to CCS, Plaintiff's insurance satisfied the outstanding medical services charges with the provider.

13. Notwithstanding, CCS sent collection notices in January and again in August 2020.

14. On or about January 30, 2020, the medical provider's office represented they were contacting CCS to explain the resolution of payment for the services by Plaintiff's insurance company.

15. Despite being advised of the issue, CCS persisted in seeking collection of the medical services previously paid for.

16. CCS, with justification or authority, has and continues to collect an unlawful amount in violation of the FDCPA.

**V.    CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**
**(Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692)**

17. Plaintiff realleges and incorporates all preceding paragraphs above as if fully set out herein.

18. Defendant was negligent and/or willful, rendering it liable for attempting to collect an improper balance due, fees, interests and/or expenses not authorized or permitted by law, and in violation of 1692f(1), including seeking collection of the amounts previously satisfied by Plaitniff's health sinsurance.

19. As a result of the foregoing violations, Defendant is liable for actual damages, including general damages and special damages in an amount to be proven at trial, but not less than up to $1,000 per violation, pursuant to 1692k(a)(1).

20. As a result of the foregoing violations, Defendant is liable for actual damages, including general damages and special damages in an amount to be proven at trial, but not less than up to $1,000 per violation, pursuant to 1692k(a)(2)(a).

21. As a result of the foregoing violations, Defendant is liable for costs and reasonable attorney fees pursuant to 1692k(a)(3).

22. Plaintiff hereby prays for actual damages under the FDCPA, and for statutory damages as set forth above for each and every violation of the Fair Debt Collection Practices Act proven at the trial of this case, and reasonable attorney fees and costs thereunder.

23. An actual controversy has arisen and now exists between the parties concerning their respective rights and duties under the FDCPA. A judicial declaration that Defendant's actions violated the FDCPA is necessary so that all parties may ascertain their rights and duties under the law.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant, on all counts, for the following:

1. Declaratory judgment that Defendant's conduct violated the FDCPA;
2. Actual damages;
3. Statutory damages;
4. Punitive damages;
5. Costs and reasonable attorney fees; and
6. For such other and further relief as the Court may deem just and proper.

## VII. JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States Constitution, Plaintiff hereby demands a jury trial.

Dated this 7th day of January, 2021.

                COGBURN LAW

By:   /s/Erik W. Fox  
     Jamie S. Cogburn, Esq.
     Nevada Bar No. 8409
     Erik W. Fox, Esq.
     Nevada Bar No. 8804
     2580 St. Rose Parkway, Suite 330
     Henderson, Nevada 89074
     *Attorneys for Plaintiff*